IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John D. Lynch II, | ) | C/A No.: 3:25-6144-CMC-SVH |
|           Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND |
| Connecticut Department of Health and Connecticut Medical Licensing Board, | ) ) ) ) | RECOMMENDATION |
|           Defendants. | ) ) ) | |

John D. Lynch II ("Plaintiff"), proceeding pro se and in forma pauperis, filed this amended complaint against Connecticut Department of Health and Connecticut Medical Licensing Board (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.  Factual and Procedural Background

Plaintiff alleges he was not "notified of the combined meeting of the state of CT medical Licensure Board and CT Department of Health June 19, 2012." [ECF No. 10 at 3]. He also claims the "CT Department of Health has misnamed the plaintiff John D. Lynch II, MD, Emergency with John D. Lynch Jr., MD, Urology in data bank." *Id.* at 3–4. He also alleges his Freedom of Information

Act ("FOIA") request for the minutes of the June 19, 2012 meeting was denied. *Id.* at 5. For relief, he seeks the restoration of his medical license.

On July 1, 2025, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him until July 22, 2025, to file an amended complaint. [ECF Nos. 14, 15]. Plaintiff has filed no responses.

II.  Discussion

A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   Lack of subject matter jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the

facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject-matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in this complaint do not fall within the scope of either form of the court's limited jurisdiction.

Plaintiff indicated he is bringing this under "federal question" jurisdiction. [ECF No. 1 at 3]. However, he fails to allege any federal cause of action. To the extent he has a FOIA claim, his claim would sound in state law, as he has requested information from a state agency. *Id.* Therefore, the court does not have federal question jurisdiction over this case.

While Plaintiff does not allege the court has jurisdiction pursuant to diversity, he did complete the blank for the amount in controversy. He states his damages cannot be estimated because it is the loss of income due to the suspension of his Connecticut medical license. [ECF No. 10 at 5]. *Id.* at 5. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Given Plaintiff's failure to allege the court has diversity jurisdiction and fails to allege an amount in

controversy, it appears the court does not have diversity jurisdiction.

        2.      Eleventh Amendment Immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. Eleventh Amendment immunity shields Connecticut state agencies and departments from suits in federal court, just as it shields the State of Connecticut. *See e.g., Lee v. Dep't of Child. & Fams.*, 939 F. Supp. 2d 160, 165 (D. Conn. 2013) ("The scope of the Eleventh Amendment bar depends on the identity of the defendant. For suits against states or their agencies, '[t]his jurisdictional bar applies regardless of the nature of the relief sought.'") (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, Plaintiff does not allege there was a waiver by the state of Connecticut or a valid congressional

override conferring this court with jurisdiction. Accordingly, the case is subject to summary dismissal.

        3.    Insufficient Allegations[1]

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff provided a short, plain statement, but his statement does not show he is entitled to relief. *See* ECF No. 1.

First, Plaintiff's claim that he was not notified of a meeting in 2012 appears to be barred by the statute of limitations. Courts have held that, in evaluating a complaint filed *in forma pauperis*, the court may raise a waivable defense *sua sponte* when the complaint plainly reveals the existence of such a defense." *Eriline Co. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–54) (4th Cir. 1995)); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 682–83 (4th Cir. 2005) (recognizing that *sua sponte dismissal* may be appropriate if the existence of an affirmative defense is "apparent from the face of the complaint").

---

[1] Assuming Plaintiff's complaint is sufficient to give the subject matter jurisdiction, the complaint is subject to summary dismissal on the merits.

Second, Plaintiff's FOIA claim, even if properly brought under state law, is incomplete without more. Plaintiff provides no information as to the reason it was denied or that the given reasons were unlawful.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be dismissed without further leave for amendment.

IT IS SO RECOMMENDED.

July 28, 2025                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).